UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mario Lawrence Maclin, | ) | Case No. 1: 15 CV 1631 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| Cuyahoga County Ombudsman, *et al*., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

**Introduction and Background**

*Pro se* Plaintiff Mario Lawrence Maclin has filed this *in forma pauperis* action against the Cuyahoga County Ombudsman, Adult Protective Services, Murtis H. Taylor, Metrohealth, Federal Bureau of Investigation, Lisa Powell, Maryum Ali, Carla Duncan, Monica Roberts, Marquita Johnson, Mary Leider, R. Fuller, Morgan Wiggins, and "Complaint Department Investigator" Brian.

Some of these defendants were named as defendants in a prior civil action the plaintiff filed in this Court. *See Maclin v. Adult Protective Services, et al*., Case No. 1: 14 CV 1074 (naming as defendants Adult Protective Services, Carla Duncan, the Federal Bureau of Investigation, Agencies Protecting Federal Law, DEA 39 District, and Murtis H. Taylor). The plaintiff's prior action was dismissed pursuant to 28 U.S.C. § 1915(e) because the complaint did not contain allegations reasonably suggesting he had a valid federal claim. In 2005, the Court also dismissed an *in forma pauperis* action the plaintiff filed against an employer pursuant to § 1915(e). *See Maclin v. Hilite Int'l, Inc*., Case No. 1: 05 CV 535.

Like his prior complaints, the plaintiff's complaint in this case does not contain allegations

intelligible to the Court. Among other things, the plaintiff appears to complain about a state court guardianship decision regarding his wife, Marsilee Maclin, who he appears to contend is not being properly cared for.

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required by 28 U.S.C. § 1915(e)(2)(B) to screen and *sua sponte* dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious or fails to state a claim upon which relief can be granted. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

A complaint is frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). When determining whether a plaintiff has stated a claim on which relief can be granted, the court construes the complaint in the light most favorable to him, accepts his factual allegations as true, and determines whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Hill,* 630 F.3d at 470-71 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly*, 550 U.S. 544, govern dismissals for failure to state a claim under §1915(e)(2)(B)). Although detailed factual allegations are not required, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

**Analysis**

The Court must dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The complaint fails to meet basic pleading requirements or state any plausible federal claim on which this Court may grant relief. Although the plaintiff uses legal phrases and terms in his pleading, his assertions are incoherent and incomprehensible, and they are not connected in any way to any alleged conduct of the defendants. The complaint – along with the over one hundred pages of unexplained exhibits attached to it – does not contain discernible factual allegations explaining how any of the individuals or entities named as defendants engaged in unlawful conduct, nor does it set forth valid, discernible federal causes of action against them.

In short, the conclusory legal assertions and sentence fragments set forth in the plaintiff's pleading are insufficient to raise a right to relief against any defendant above the speculative level. Although a *pro se* litigant is not held to the same standard as a lawyer, he still must meet basic pleading requirements, and the court is not required to conjure allegations on his behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

**Conclusion**

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted; however, for the reasons stated above, his complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT